ACCEPTED
02-15-00265-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
10/27/2015 2:23:34 PM
DEBRA SPISAK
CLERK

**ORAL ARGUMENT REQUESTED**

Case Number 02-15-00265-CV

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
10/27/2015 2:23:34 PM
DEBRA SPISAK
Clerk

IN THE COURT OF APPEALS
FOR THE SECOND JUDICIAL DISTRICT OF TEXAS

at Fort Worth

_____

**AMERICAN REFRIGERATION COMPANY, INC.**,
Appellant,

v.

**TRANTER, INC.**,
Appellee.

_____

From Cause 180,092-A in the 30th Judicial District Court of Wichita County
_____

**BRIEF OF APPELLANT**

_____

**WALTERS, BALIDO & CRAIN, L.L.P.**

Gregory R. Ave
State Bar Number 01448900
greg.ave@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
Telephone Number (214) 347-8310
Facsimile Number (214) 347-8311

**October 27, 2015**          ATTORNEYS  FOR  APPELLANT

# LIST OF PARTIES AND THEIR COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a) and 38.2(a)(1)(A), the following are the parties to the trial court's interlocutory judgment being appealed and their counsel:

| | | |
|---|---|---|
| 1. | Appellant | American Refrigeration Company, Inc. |
| 2. | Counsel for Appellants | Gregory R. Ave (appellate counsel) Kelly M. Crain (trial counsel) Walters, Balido & Crain, L.L.P. Meadow Park Tower, Suite 1500 10440 North Central Expressway Dallas, Texas 75231; |
| 3. | Appellee | Tranter, Inc.; |
| 4. | Counsel for Appellee | John R. Lively, Sr. John R. Lively, Jr. Lively & Associates, LLP 201 Main Street, Suite 1260 Fort Worth, Texas 76102; and |
| 5. | Trial Judge | The Honorable Robert P. Brotherton, Presiding Judge of the 30th District Judicial District Court of Wichita County, Texas |

For clarity and convenience, Appellant American Refrigeration Company, Inc. will be referred to as "ARC"; Appellee Tranter, Inc.; will be referred to as "Tranter"; and the Honorable Robert P. Brotherton Presiding Judge of the 30th District Court, Wichita County, Texas will be referred to as "the trial court."

The appellate record in this matter consists of a 55 page Clerk's Record, which will be referred to by page number (*i.e.*, "C.R. __") and there is no Reporter's Record for this appeal.

# TABLE OF CONTENTS

**LIST OF PARTIES AND THEIR COUNSEL** ...................................................i

**TABLE OF CONTENTS** .........................................................................iii

**TABLE OF AUTHORITIES** ....................................................................iv

**STATEMENT OF THE CASE** ..................................................................vi

**ISSUES PRESENTED FOR REVIEW** ........................................................vii

**STATEMENT OF FACTS** ........................................................................1

**SUMMARY OF ARGUMENT** ...................................................................3

**ARGUMENTS AND AUTHORITIES** ..........................................................4

    A.     Applicable Standard of Review .....................................................4
    B.     Appellant is not a Texas Resident..................................................4
    C.     Appellant Does not have Minimum Contacts with the State of Texas...........................................................................6
    D.     Specific or General Jurisdiction....................................................7
    E.     Jurisdiction over Appellant is not Consistent with Traditional Notions of Fair Play and Substantial Justice ...........11

**CONCLUSION AND PRAYER** ................................................................12

**CERTIFICATE OF SERVICE** .................................................................13

**CERTIFICATE OF COMPLIANCE** ..........................................................14

**APPENDIX** .......................................................................................15

# TABLE OF AUTHORITIES

## <u>Cases</u>

*BMC Software Belgium, N.V. vs. Marchand,* 83 S.W.3d 789 (Tex. 2002).........4, 5

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) ...........................................6

*In re E.I. du Pont de Nemours & Co.,* 92 S.W.3d 517 (Tex. 2002) ........................4

*Guardian Royal Exch. Assur. v. English China Clays,*
15 S.W.2d 223 (Tex. 1991) ......................................................................5, 6, 7, 11

*Helicopteros Nationales de Columbia, S.A. v. Hall,* 466 U.S. 408 (1984) ..............7

*International Shoe Company v. Washington*, 326 U.S. 310 (1945) ........................5

*Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199 (Tex. 1985).........................4

*M.G.M. Grand Hotel v. Castro,*
8 S.W.3d 403 (Tex. App. – Corpus Christi 1999, no pet.) ..................................5

*Minucci v. Sogevalor,*
14 S.W. 3d 790 (Tex.App.—Houston [14th Dist.] 2000, no pet.)........................4

*Moncrief Oil Int'l v. OAO Gazprom,* 414 S.W.3d 142 (Tex. 2013) ......................4

*Retamco Operating, Inc. v. Republic Drilling Co.,*
278 S.W.3d 333 (Tex. 2009) ..............................................................................10

*U-Anchor Adver., Inc. v. Burt,* 553 S.W.2d 760 (Tex. 1977) ...............................6

*Zinc Nacional, S.A. v. Bouche Trucking, Inc.,* 308 S.W.3d 395 (Tex. 2010) .........4

# Other Authorities

TEXAS CIVIL PRACTICE & REMEDIES CODE §17.041-.045......................................6

TEXAS CIVIL PRACTICE & REMEDIES CODE §51.014(a)(7).....................................4

**STATEMENT OF THE CASE**

This interlocutory appeal arises from cause number 180,092-A, originally styled *Tranter, Inc. v. American Refrigeration Company, Inc., Refrigeration Valves and Systems Corporation and Trustees of Dartmouth*, and pending in the 30th District Court of Wichita County, Texas, the Honorable Robert P. Brotherton presiding. (C.R. 5.) Suit was originally filed on December 27, 2013. (*Id.*) Tranter seeks a declaration that it owes no obligations to the ARC for the heat transfer system manufactured by Tranter to be used at Dartmouth College ("Dartmouth"). (C.R. 5-9.)

In its special appearance ARC denied that the trial court had personal jurisdiction over it. (C.R. 10-20.) Tranter filed its response to ARC's special appearance on July 22, 2015. (C.R. 21-44.) The trial court entered an order denying ARC's special appearance on July 30, 2015. (C.R. 46.) ARC filed its notice of appeal on August 19, 2015. (C.R. 47-49.)

# ISSUES PRESENTED FOR REVIEW

The issues on appeal and which are presented for the Court's review address or touch upon the following:

1. Did the trial court err in denying ARC's special appearance?

# STATEMENT OF FACTS

A.  JURISDICTIONAL FACTS

As demonstrated in ARC's special appearance (C.R. 10-20), ARC's contacts with Texas were minimal and were certainly not purposeful.  In this regard, it is undisputed that:

1.  ARC is a Massachusetts corporation, with its principal place located in Andover, Massachusetts (C.R. 18);

2.  The project at issue – the Thompson Arena Ice Rink – is located at Dartmouth in Hanover, New Hampshire (C.R. 19);

3.  Refrigeration Engineering Company ("REC") performed the design work and specified the Tranter heat exchanger used for the project, *not ARC* (C.R. 19);

4.  ARC contacted North Atlantic Refrigeration, a company located in Massachusetts, to obtain the Tranter unit at issue (C.R. 19);

5.  ARC did ***not*** contact or deal with Refrigeration Valves and Systems Corporation ("RVS") – which *is* located in Texas in order to acquire the heat transfer unit (C.R. 19 and 33);

6.  ARC had no direct contact with Tranter until *after* problems presented themselves with the heat exchanger unit in June of 2012 (C.R. 19).

Moreover, ARC has no current business operations in Texas and has performed no projects in Texas since its formation in 1996. (C.R. 19.) Finally, ARC has had no general or systematic contacts with any person or organization during its existence. (*Id.*)

## SUMMARY OF THE ARGUMENT

It is undisputed that ARC is a Massachusetts corporation that has never operated in Texas. Indeed, ARC's only contacts with Texas occurred *after* the heat exchanger unit manufactured by Tranter failed following its installation at Dartmouth in Hanover, New Hampshire. Such contacts do not subject ARC to personal jurisdiction in Texas and its special appearance should have been sustained by the trial court.

## ARGUMENTS AND AUTHORITIES

### A.    Applicable Standard of Review

The issue presented by this appeal is whether the ARC – a nonresident defendant – negated all alleged grounds enabling the trial court to exercise personal jurisdiction over it. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex. 1985); *Minucci v. Sogevalor,* 14 S.W. 3d 790, 794 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  Whether the court can exercise personal jurisdiction over a nonresident defendant is a question of law that is reviewed *de novo. Moncrief Oil Int'l v. OAO Gazprom,* 414 S.W.3d 142, 150 (Tex. 2013); *Zinc Nacional, S.A. v. Bouche Trucking, Inc.,* 308 S.W.3d 395 (Tex. 2010).  An order granting or denying a special appearance may be appealed immediately.  Tex. Civ. Prac. & Rem. Code § 51.014(a)(7); *In re E.I. du Pont de Nemours & Co.,* 92 S.W.3d 517, 521 (Tex. 2002).

### B.    Appellant is not a Texas Resident

Again, a defendant must negate all grounds permitting the exercise of personal jurisdiction when challenging same. *BMC Software v. Marchand,* 83 S.W.3d 789, 793 (Tex. 2002).  Therefore, a defendant must demonstrate that it is a not a Texas resident and that it did not have minimum contacts

4

with Texas. *Id*. at 795; *Guardian Royal Exch. Assur. v. English China Clays,* 815 S.W.2d 223, 226 (Tex. 1991). Once a defendant produces evidence negating the basis of personal jurisdiction, the burden shifts to the plaintiff to show that the trial court has jurisdiction over the defendant. *M.G.M. Grand Hotel v. Castro,* 8 S.W.3d 403, 408 (Tex. App.–Corpus Christi 1999, no pet.).

It is undisputed that ARC is not a Texas resident. Rather, ARC was incorporated in Massachusetts and maintains its principal place of business there. (C.R. 18-19.) Additionally, ARC has no office in Texas. (C.R. 18-19.) Therefore, because ARC is not a Texas resident, the due process clause of the Fourteenth Amendment to the United States Constitution governs the power of a Texas court to exercise jurisdiction over it. *International Shoe Company v. Washington*, 326 U.S. 310 (1945). This fundamental threshold requires that a court can only exercise jurisdiction over a nonresident defendant when (1) the defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id* at 316.

C.      <u>Appellant Does not have Minimum Contacts with the State of Texas</u>

The Texas long-arm statute governs a court's authority to exercise jurisdiction over a nonresident defendant. Tex. Civ. Prac. & Rem. § 17.041-045. According to the Texas Supreme Court, the statute's language extends the jurisdiction of Texas courts as far as the federal constitutional requirements of due process permit. *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977). Therefore, decisions by both the United States Supreme Court and Texas Supreme Court serve as precedent in determining if a nonresident defendant should be subject to the jurisdiction of a Texas court. *BMC Software, supra*, 83 S.W.3d at 795.

Under the minimum contacts analysis, a court must determine whether the nonresident defendant has "purposefully availed" itself of conducting activities within Texas. *Guardian Royal, supra*, 815 S.W.2d at 226. Additionally, foreseeability is a central consideration in deciding whether a nonresident defendant has purposely established minimum contacts with a state. *Id.* at 227. Finally, a defendant should not be subject to the jurisdiction of a foreign state's courts based on "random" or "fortuitous" contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985).

6

A defendant's minimum contacts can either give rise to specific or general jurisdiction. *Helicopteros Nationales de Columbia, S.A. v. Hall,* 466 U.S. 408, 413-14 (1984); *Guardian Royal, supra,* 815 S.W.2d at 226. Specific jurisdiction is exercised if the defendant's alleged liability arises from or is related to an activity that the nonresident conducts in the forum state. However, general jurisdiction imposes a more demanding analysis than specific jurisdiction, as general jurisdiction may only be exercised when a nonresident's contacts in a forum are so continuous and systematic that the forum state has jurisdiction over the defendant even if the suit is not related to the defendant's contacts in the forum state. *Id* at 228.

D.     Specific or General Jurisdiction

Tranter readily admits ARC is a foreign corporation located in Andover, Massachusetts. (C.R. 5.) Tranter has not alleged the trial court has specific jurisdiction or general jurisdiction over ARC. (C.R. 6.) However, the evidence proves ARC is subject to neither. Tranter alleges only that "the parties have contracted in writing to perform an obligation in Wichita County." (C.R. 6.)

Again, ARC was incorporated in Massachusetts and has its headquarters and principal place of business there. (C.R. 18.)

7

Furthermore, ARC has no business operations or personnel in Texas. (C.R. 18-19.) Indeed, ARC has no registered agent in Texas (C.R. 18).

As it relates to the matter *sub judice*, ARC was retained by Dartmouth to complete a project at its ice rink in Hanover, New Hampshire. (C.R. 19.) On the other hand, Dartmouth retained REC – based in Massachusetts -- to design the project. (*Id.*) REC performed the design work and specified the Tranter heat exchanger at issue. (*Id.*) Significantly, ARC did not select Tranter unit; instead, it was called for in REC's design plans and specifications. (*Id.*) ARC then contacted North Atlantic Refrigeration, a company located in Massachusetts, in order to obtain the Tranter unit called for by REC's specifications for the Dartmouth project. (*Id.*) ARC did **_not_** contact Tranter in order to procure the unit. (*Id.*) Likewise, ARC did not contact Refrigeration Valves and Systems Corporation ("RVS") – the company that did contract with Tranter – to order the unit (*Id.*)

Simply put, ARC had no direct contacts with Tranter prior to the time problems arose with the unit in June of 2012. (*Id.*) Moreover, ARC did not negotiate any contracts or sign any contracts with any company or person in Texas with regard to the Dartmouth project. (*Id.*) In the broader context, ARC has no current business operations in Texas. (*Id.*) Further, ARC has

8

not performed any projects in Texas since the formation of the company in 1996. (*Id.*)

ARC simply placed the purchase order for the Tranter unit with its fellow Massachusetts resident, North Atlantic. (*Id.*) ARC has no general or systematic contacts with the State of Texas, and has had no such contacts since the company's formation in 1996. (*Id.*) Critically, ARC did not enter into any contract to be performed in Wichita County, Texas. (*Id.*)

Tranter presented evidence in its response to ARC's special appearance which it claims demonstrates ARC entered into a contract with RVS, a Texas company. (C.R. 25.) However, a review of this "evidence" only demonstrates that it is consistent with ARC's position and it provides no evidence ARC entered into any contract with RVS. (C.R. 33.) Rather, this document – designated an "Agreement & Order Acknowledgment" – lists RVS as the seller (*Id.*) Although it lists ARC as the "customer," it also lists North Atlantic and Al Melanson as the "representative." (*Id.*)

This is completely consistent with the Affidavit of Michael Sirois, President of ARC, in which he states ARC contacted North Atlantic *in Massachusetts* to obtain the Tranter unit. (C.R. 18-19.) The "Agreement & Order Acknowledgment" cited by Tranter provides no evidence that ARC

entered into any agreement with RVS – there is no signature line for ARC or any other party – indeed, the document bears no signature at all. (C.R. 33). Therefore, there is nothing in the record demonstrating ARC contacted RVS rather than North Atlantic (whose representative was listed on the document). (*Id.*) The Tranter unit was apparently shipped to Louis P. Cote, Inc. in Goffston, New Hampshire. (*Id.*) There is nothing on the document which demonstrates or proves RVS had any direct dealing with ARC, and Tranter has not challenged Sirois' assertion that the Tranter unit was obtained through North Atlantic *in Massachusetts*. (C.R. 21-44.)

Although the Affidavit of Virgil Jordan, President of RVS, claims ARC has ordered products from RVS beginning in 2004, every single one of the transactions on Exhibit A-2 of Mr. Jordan's Affidavit also lists North Atlantic or another "company representative" on the transaction, making it consistent with ARC's assertion it has not done any business in Texas. (C.R. 35.) As Tranter itself notes, a court should consider only the defendant's contacts with the forum as relevant, not the unilateral activity of another party or a third person. (C.R. 24); citing *Retamco Operating, Inc. v. Republic Drilling Co.,* 278 S.W.3d 333, 338-39 (Tex. 2009). Because the evidence presented by Tranter is completely consistent with ARC's

10

evidence that it did no direct business in the State of Texas, no personal jurisdiction exists in this case over ARC and the denial of its special appearance was error.

E.      Jurisdiction over ARC is not Consistent with Traditional Notions of Fair Play and Substantial Justice

Even if it were determined ARC has minimum contacts with Texas – which it does not – the trial court should have declined to exercise jurisdiction because to do so does not comport with traditional notions of fair play and substantial justice, and would be inconsistent with the constitutional requirements of due process. In making this analysis, the reviewing court is to consider (1) the burden on the defendant, (2) the interest of Texas in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental and substantive social policies. *Guardian Royal, supra*, 815 S.W.2d at 232.

As ARC is a company doing business in Massachusetts with no business operations in Texas and no ties to Texas concerning the Dartmouth project, it would be a burden on ARC to have to defend this

suit in Texas as well as an existing lawsuit on the same underlying claims brought by Dartmouth in New Hampshire. Moreover, Texas has little interest in adjudicating a dispute involving an ice rink located in New Hampshire. Instead, it is in the best interest of the judicial system and the shared interest of the states if this dispute is resolved in the state where the events surrounding the suit occurred, and where the primary witnesses to the underlying claim reside.

## CONCLUSION AND PRAYER

For the foregoing reasons, ARC asks the Court to reverse the trial court's order denying its special appearance, award ARC its costs on appeal, and such further and other relief to which it is justly entitled.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

By:____*/s/ Gregory R. Ave*_____
        Gregory R. Ave
        greg.ave@wbclawfirm.com
        Texas State Bar No. 01448900
        Meadow Park Tower, Suite 1500
        10440 North Central Expressway
        Dallas, Texas 75231
        (2l4) 347-8311 (facsimile)
        (2l4) 347-8310 (direct dial)

ATTORNEYS FOR APPELLANT

12

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the Brief of Appellant was served upon the following counsel of record for all parties on October 27, 2015, in accordance with the Texas Rules of Appellate Procedure:

John R. Lively, Jr., Esquire                    **Via E-serve**
Lively & Associates, LLP
201 Main Street, Suite 1260
Fort Worth, Texas 76102

ATTORNEYS FOR APPELLEE
TRANTER, INC.


                                        */s/Gregory R. Ave*
                                        Gregory R. Ave

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this brief complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(B).

Exclusive of the exempt portions identified by Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains <u>2,014</u> words, including footnotes, headings, and quotations. In providing this word-count, the undersigned is relying on the word count generated by the computer program used to prepare the petition.

This petition has been prepared in proportionally spaced type, 14-point text, 12-point footnotes, and in Book Antiqua font, using the computer program known as Microsoft Word (version 2010).

Acknowledged: October 27, 2015.

<u>/s/Gregory R. Ave</u>
Gregory R. Ave

# APPENDIX

**TAB**

07/30/15 Order Denying American Refrigeration Company, Inc.'s Special Appearance ........................................................................... A

# TAB A

Filed 7/30/2015 10:29:06 AM
Patti Flores
District Clerk
Wichita County, Texas

CAUSE NO. 180,092-A

Jamie Young

| | | |
|---|---|---|
| TRANTER, INC. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 30TH JUDICIAL DISTRICT |
| | § | |
| AMERICAN REFRIGERATION | § | |
| COMPANY, INC., REFRIGERATION | § | |
| VALVES AND SYSTEMS | § | |
| CORPORATION, AND TRUSTEES OF | § | |
| DARTMOUTH | § | WICHITA COUNTY, TEXAS |

## ORDER DENYING AMERICAN REFRIGERATION COMPANY, INC.'S SPECIAL APPEARANCE

On the 29th day of July, 2015, came on to be heard American Refrigeration Company Inc.'s Special Appearance. The Court, after considering the Motion, Plaintiff's Response, the evidence and the arguments of counsel, is of the opinion that the Court does have jurisdiction over American Refrigeration Company, Inc. and the Special Appearance should be denied:

IT IS THEREFORE ORDERED that the Special Appearance of American Refrigeration Company, Inc. is hereby DENIED.

SIGNED this ___30___ day of July, 2015.

_____
JUDGE PRESIDING

46